**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**Case No. 4:24-cv-106**

MIYORA JENA BARNER-
GREENWELL,

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**, and
**TRANS UNION LLC**,

      Defendants.

_____/

## COMPLAINT

      Plaintiff Miyora Jena Barner-Greenwell ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, Defendant Trans Union LLC, and Defendant DFS Services LLC d/b/a Discover Bank, (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

      1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

      2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### PARTIES

      3.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Leon County, Florida.

      4.    Defendant Experian Information Solutions Inc ("Experian" or "Defendant-EX") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.    Defendant Equifax Information Services LLC ("Equifax" or "Defendant-EQ") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.    Defendant Trans Union LLC ("TransUnion" or "Defendant-TU") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

7.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

### Summary of the FCRA

8.    The FCRA governs the conduct of consumer reporting agencies to preserve the integrity of the consumer banking system and to protect the rights of consumers to fairness and accuracy in the reporting of their credit information.

9.    The FCRA was designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See, 15 U.S.C.§1681 (a)(4).

10.    Specifically, the FCRA was intended to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. See, §1681(b).

11.    Congress also recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." §1681 (a)(3). Therefore,

Congress determined that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681 (a)(4).

12.     To that end, the FCRA imposes the following twin duties on CRAs: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports (§1681e(b)); and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies (§1681i).

13.     Similarly, the FCRA also imposes a duty upon the Furnishers to reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies. §1681s-2(b).

14.     On a date better known by Defendants, Defendants began reporting inaccurate, erroneous and misleading debts, accounts and hard inquiries allegedly owed by Plaintiff to the national credit reporting agencies.

15.     Among the accounts reported was a Discover Bank account opened on 05-11-2022, a CCS Collections account opened on 03-23-2021, and a Line 5, LLC account opened on 08-02-2016 (the "Subject Accounts" or "accounts").

16.     The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the CCS Collections account is erroneous because this account does not belong to Plaintiff, the Line 5, LLC account was discharged in Bankruptcy proceedings and the Discover Bank account is reporting inaccurate late payment information.  As such, as explained in more detail below and in order to

achieve the necessary correction, Plaintiff disputed the Subject Accounts with the national credit bureaus.

17.     Among the other inaccurate, erroneous and misleading information being reported by Defendants were numerous Hard Inquiries (the "Hard Inquiries" or "inquiries").

18.     All of the Hard Inquiries disputed by Plaintiff are Hard Inquiries that were conducted without Plaintiff's authorization or consent and as such the reporting of these Hard Inquiries is inaccurate and misleading.  As such, explained in more detail below and in order to achieve the necessary correction, Plaintiff disputed the Hard Inquiries with the national credit bureaus.

19.     The Subject Accounts and Hard Inquiries, as reported on Plaintiff's credit reports, are erroneous, misleading, incomplete, inaccurate, and, as such, require correction. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts and Hard Inquiries with the national credit bureaus.

## EXPERIAN

20.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

21.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

22.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

23.     On or about September 5, 2023, Plaintiff sent Experian a written dispute regarding the Subject Accounts and Hard Inquires (the "First Experian Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late

payment in July 2022 is inaccurate.  I have never been late on this account. Please correct this. [2] The Credit Collection Serv account opened on 03-23-2021 is inaccurate I have never opened an account with Credit Collection Serv. The hard inquires listed below are inaccurate.  The Capital One Auto Fin hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021. The 700CR/Elder Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by NCCINC/ENT CAR SLS JAC is inaccurate. I never authorized NCCINC/ENT CAR SLS JAC to conduct a hard inquiry. The hard inquiry conducted by Mid Atlantic Finance on 02-11-2023 is inaccurate. I never authorized Mid Atlantic Finance to conduct any hard inquiry.  The hard inquiry conducted by NCCINC/Enterprise Orla on 01-20-2023 is inaccurate. I never authorized NCCINC/Enterprise Orla to conduct any hard inquiries.  The hard inquiry conducted by Global Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiries conducted by Exeter Finance LLC/WCG on 01-13-2023, 01-20-2023 and 02-01-2023 are inaccurate.  The hard inquiries conducted by Credit Acceptance by 01-13-2023, 01-18-2023, and 01-25-2023. The hard inquiry conducted by Consumer Portfolio SVC on 02-01-2023 is inaccurate. I never authorized Consumer Portfolio SVC to conduct any hard inquiry.  The hard inquiry conducted by American Credit Accept on 12-31-2023 is inaccurate. I never authorized American Credit Accept to conduct any hard inquiries.  The hard inquiry conducted by 700/Kraft Motorcar OF on 01-13-2023 is inaccurate. I never authorized 700/Kraft Motorcar OF to conduct any hard inquiries."

24.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

25.     Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

26.     Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Hard Inquiries inaccurately.

27.     On or about October 10, 2023, Plaintiff sent Experian a second written dispute regarding the Subject Accounts and Hard Inquiries (the "Second Experian Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate.  I have never been late on this account. Please correct this. [2] The Credit Collection Serv account opened on 03-23-2021 is inaccurate I have never opened an account with Credit Collection Serv. The hard inquires listed below are inaccurate.  The Capital One Auto Fin hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021. The 700CR/Elder Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by NCCINC/ENT CAR SLS JAC is inaccurate. I never authorized NCCINC/ENT CAR SLS JAC to conduct a hard inquiry. The hard inquiry conducted by Mid Atlantic Finance on 02-11-2023 is inaccurate. I never authorized Mid Atlantic Finance to conduct any hard inquiry.  The hard inquiry conducted by NCCINC/Enterprise Orla on 01-20-2023 is inaccurate. I never authorized NCCINC/Enterprise Orla to conduct any hard inquiries.  The hard inquiry conducted by Global

Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquries. The hard inquiries conducted by Exeter Finance LLC/WCG on 01-13-2023, 01-20-2023 and 02-01-2023 are inaccurate.  The hard inquiries conducted by Credit Acceptance by 01-13-2023, 01-18-2023, and 01-25-2023. The hard inquiry conducted by Consumer Portfolio SVC on 02-01-2023 is inaccurate. I never authorized Consumer Portfolio SVC to conduct any hard inquiry. The hard inquiry conducted by American Credit Accept on 12-31-2023 is inaccurate. I never authorized American Credit Accept to conduct any hard inquiries.  The hard inquiry conducted by 700/Kraft Motorcar OF on 01-13-2023 is inaccurate. I never authorized 700/Kraft Motorcar OF to conduct any hard inquiries."

28.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

29.     Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

30.     Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Hard Inquiries inaccurately.

31.     On or about November 28, 2023, Plaintiff sent Experian a third written dispute regarding the Subject Accounts and Hard Inquiries (the "Third Experian Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate.  I have never been late on this account. Please correct this. [2] The Credit Collection Serv account opened on 03-23-2021 is inaccurate I have never opened an account with Credit Collection Serv. The hard inquires listed below are inaccurate.  The Capital One Auto Fin hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021. The 700CR/Elder

Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by NCCINC/ENT CAR SLS JAC is inaccurate. I never authorized NCCINC/ENT CAR SLS JAC to conduct a hard inquiry. The hard inquiry conducted by Mid Atlantic Finance on 02-11-2023 is inaccurate. I never authorized Mid Atlantic Finance to conduct any hard inquiry. The hard inquiry conducted by NCCINC/Enterprise Orla on 01-20-2023 is inaccurate. I never authorized NCCINC/Enterprise Orla to conduct any hard inquiries. The hard inquiry conducted by Global Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiries conducted by Exeter Finance LLC/WCG on 01-13-2023, 01-20-2023 and 02-01-2023 are inaccurate. The hard inquiries conducted by Credit Acceptance by 01-13-2023, 01-18-2023, and 01-25-2023. The hard inquiry conducted by Consumer Portfolio SVC on 02-01-2023 is inaccurate. I never authorized Consumer Portfolio SVC to conduct any hard inquiry. The hard inquiry conducted by American Credit Accept on 12-31-2023 is inaccurate. I never authorized American Credit Accept to conduct any hard inquiries. The hard inquiry conducted by 700/Kraft Motorcar OF on 01-13-2023 is inaccurate. I never authorized 700/Kraft Motorcar OF to conduct any hard inquiries."

32.    Despite receiving Plaintiff's Third Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

33.    Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

34.     Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Hard Inquiries inaccurately.

35.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

36.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing these incorrect account statuses would cause a lower credit score to be generated.

37.     Credit scoring algorithms take the status of Plaintiff's inquiries into consideration when generating a credit score and showing these incorrect inquiry statuses would cause a lower credit score to be generated.

38.     Experian failed to conduct a reasonable investigation.

39.     Experian failed to review and consider all relevant information submitted by Plaintiff.

40.     Experian failed to conduct an independent investigation and, instead, deferred to the underlying furnisher despite the information Plaintiff provided to it (Experian).

41.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's First, Second and Third disputes to Experian however, Experian failed to correct the information.

42.     Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to

establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

43.    Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

44.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## EQUIFAX

46.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

47.    Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

48.    Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

49.    On or about September 5, 2023, Plaintiff sent Equifax a written dispute regarding the Subject Accounts (the "First Equifax Dispute"), whereby Plaintiff stated, in relevant part, that "EQ [1] The Line 5, LLC account opened on 08-02-2016 is inaccurate. This account was discharged via bankruptcy in 2018.  Please remove it. [2] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [3] The CCS Collections account opened on 03-23-2021 is inaccurate.  I have never opened an account with CCS Collections.  The hard inquires listed below are inaccurate.  The hard inquiry conducted by

Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Legacy Housing LTD on 06-21-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by 21st Mortgage on 06-28-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by FSU Credit Union on 01-13-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by American Credit ACCE on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Tampa H LLC on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Ally Financial on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Elder Ford of Tampa on 01-19-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Westlake Service Inc on 01-18-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiries conducted by Americredit Financia on 01-13-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Lithia Motors/Drivew on 01-20-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Largo Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiries conducted by Capital One on 01-13-2023, 01-20-2023, 01-25-2023 and 02-011-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Largo Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Crown Auto Dealershi on 01-26-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Global Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Auto Trust, LLC on 02-01-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by Mid-

Atlantic Finance on 02-11-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry."

50.     Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

51.     Despite receiving Plaintiff's First Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

52.     Despite receiving Plaintiff's First Equifax Dispute, Equifax continues to report the Hard Inquiries inaccurately.

53.     On or about October 10, 2023, Plaintiff sent Equifax a written dispute regarding the Subject Accounts (the "Second Equifax Dispute"), whereby Plaintiff stated, in relevant part, that "EQ [1] The Line 5, LLC account opened on 08-02-2016 is inaccurate. This account was discharged via bankruptcy in 2018.  Please remove it. [2] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [3] The CCS Collections account opened on 03-23-2021 is inaccurate.  I have never opened an account with CCS Collections.  The hard inquires listed below are inaccurate.  The hard inquiry conducted by Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Legacy Housing LTD on 06-21-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by 21st Mortgage on 06-28-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by FSU Credit Union on 01-13-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by American Credit ACCE on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Tampa H LLC on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The

hard inquiry conducted by Ally Financial on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Elder Ford of Tampa on 01-19-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Westlake Service Inc on 01-18-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiries conducted by Americredit Financia on 01-13-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Lithia Motors/Drivew on 01-20-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Largo Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiries conducted by Capital One on 01-13-2023, 01-20-2023, 01-25-2023 and 02-011-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Largo Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Crown Auto Dealershi on 01-26-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Global Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Auto Trust, LLC on 02-01-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Mid-Atlantic Finance on 02-11-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry."

54.    Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

55.    Despite receiving Plaintiff's Second Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

56.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax continues to report the Hard Inquiries inaccurately.

57.     On or about November 28, 2023, Plaintiff sent Equifax a written dispute regarding the Subject Accounts (the "Third Equifax Dispute"), whereby Plaintiff stated, in relevant part, that "EQ [1] The Line 5, LLC account opened on 08-02-2016 is inaccurate. This account was discharged via bankruptcy in 2018.   Please remove it. [2] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [3] The CCS Collections account opened on 03-23-2021 is inaccurate.  I have never opened an account with CCS Collections.  The hard inquires listed below are inaccurate.  The hard inquiry conducted by Kraft Motorcar Compa on 09-25-2021 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Legacy Housing LTD on 06-21-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by 21st Mortgage on 06-28-2022 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by FSU Credit Union on 01-13-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by American Credit ACCE on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Tampa H LLC on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Ally Financial on 01-18-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Elder Ford of Tampa on 01-19-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Westlake Service Inc on 01-18-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiries conducted by Americredit Financia on 01-13-2023 and 01-20-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Lithia Motors/Drivew on 01-20-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Largo

Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiries conducted by Capital One on 01-13-2023, 01-20-2023, 01-25-2023 and 02-011-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Largo Honda on 01-25-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Crown Auto Dealershi on 01-26-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Global Lending Servi on 01-13-2023 are 02-01-2023 are inaccurate. I never authorized these hard inquiries. The hard inquiry conducted by Auto Trust, LLC on 02-01-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by Mid-Atlantic Finance on 02-11-2023 is inaccurate. I never authorized this hard inquiry. The hard inquiry conducted by Auto Credit on 02-11-2023 is inaccurate. I never authorized this hard inquiry."

58.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

59.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

60.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax continues to report the Hard Inquiries inaccurately.

61.     Continuing to report Plaintiff's accounts and inquiries inaccurately is significant. By continuing to report Plaintiff's accounts inaccurately, erroneously and/or in a manner that is misleading, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

62.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing these incorrect account statuses would cause a lower credit score to be generated.

63.     Credit scoring algorithms take the status of Plaintiff's inquiries into consideration when generating a credit score and showing these incorrect inquiry statuses would cause a lower credit score to be generated.

64.     Equifax failed to conduct a reasonable investigation.

65.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

66.     Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnishers despite the information Plaintiff provided to it (Equifax).

67.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's First, Second and Third Disputes to Equifax; however, Equifax failed to correct the information.

68.     Equifax's reporting of inaccurate information in connection with the Subject Accounts and Hard inquires, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

69.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, choose to parrot the information it (Equifax) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

70.     Without any explanation or reason, Equifax continues to report this false, inaccurate, misleading or otherwise incomplete information, about Plaintiff.

71.    Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

**<u>TRANSUNION</u>**

72.    TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

73.    TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

74.    TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

75.    On or about September 5, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts (the "First TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [2] The CCS Collections account opened on 03-23-2021 is inaccurate, I have never opened an account with CCS Collections. The hard inquires listed below are inaccurate.  The Capital One Auto Finance hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021. The TS/US Auto Sale hard inquiry conducted on 01-27-2023 is inaccurate. I never authorized this hard inquiry.  The 700CR/Elder Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiries conducted by Crescent Bank-Baton Roug on 01-13-2023 and 12-23-2021 are inaccurate. I never authorized this hard inquiry."

76.    Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

77.    Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

78.    Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

79.    On or about October 10, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts (the "Second TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [2] The CCS Collections account opened on 03-23-2021 is inaccurate, I have never opened an account with CCS Collections. The hard inquires listed below are inaccurate.  The Capital One Auto Finance hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021.  The TS/US Auto Sale hard inquiry conducted on 01-27-2023 is inaccurate. I never authorized this hard inquiry.  The 700CR/Elder Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiries conducted by Crescent Bank-Baton Roug on 01-13-2023 and 12-23-2021 are inaccurate. I never authorized this hard inquiry."

80.    Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

81.    Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

82.    Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Hard Inquiries inaccurately.

83.    On or about November 28, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts (the "Third TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] The Discover Bank account opened on 05-11-2021 reporting a late payment in July 2022 is inaccurate. Please correct this. [2] The CCS Collections account opened on 03-23-2021 is inaccurate, I have never opened an account with CCS Collections. The hard inquires listed below are inaccurate.  The Capital One Auto Finance hard inquiries conducted on 02-01-2023, 01-30-2023, 01-26-2023, 01-25-2023, 01-20-2023, 01-18-2023, 01-13-2023, and 12-23-2021. The TS/US Auto Sale hard inquiry conducted on 01-27-2023 is inaccurate. I never authorized this hard inquiry.  The 700CR/Elder Ford of Tamp hard inquiry conducted on 01-19-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiry conducted by 700CR/Lithia Tampa Honda on 01-18-2023 is inaccurate. I never authorized this hard inquiry.  The hard inquiries conducted by Crescent Bank-Baton Roug on 01-13-2023 and 12-23-2021 are inaccurate. I never authorized this hard inquiry."

84.    Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

85.    Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

86.    Continuing to report Plaintiff's accounts and inquiries inaccurately is significant. By continuing to report Plaintiff's accounts and inquiries inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

87.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

88.     Credit scoring algorithms take the status of Plaintiff's inquiries into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

89.     TransUnion failed to conduct a reasonable investigation.

90.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

91.     TransUnion failed to conduct an independent investigation and, instead, deferred to the underlying furnisher despite the information Plaintiff provided to it (TransUnion).

92.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's First, Second, and Third Dispute to TransUnion; however, TransUnion failed to correct the information.

93.     TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

94.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's disputes and, instead, chose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

95.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, misleading or otherwise incomplete information, about Plaintiff.

96.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

97.     Plaintiff incorporates by reference ¶¶ 9-96 of this Complaint.

98.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

99.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

100.    Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

101.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the

continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

102.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

103.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

104.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

105.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

106.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or

proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

107.    Plaintiff incorporates by reference ¶¶ 9-96 of this Complaint.

108.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

109.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

110.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

111.    Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

112.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

113.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

114.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

115.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

116.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

117.    Plaintiff incorporates by reference ¶¶ 9-96 of this Complaint.

118.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

119.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

120.    Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

121.    Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

122.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

123.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

125.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

126.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

127.    Plaintiff incorporates by reference ¶¶ 9-86 of this Complaint.

128.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

129.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

130.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

131.    Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

132.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

133.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

134.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

135.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

136.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against TransUnion)

137.    Plaintiff incorporates by reference ¶¶ 9-86 of this Complaint.

138.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

139.    TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

140.    TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

141.    TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

142.    The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

143.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

144.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of

TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

145.    As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

146.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

147.    Plaintiff incorporates by reference ¶¶ 9-86 of this Complaint.

148.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

149.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

150.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

151.    Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

152.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate and misleading information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

153.    The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

154.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

155.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

156.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: March 1, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*